IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS V. SARNOWSKI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Misc. No. 05-242 |
| | ) |
| UNITES STATES OF AMERICA, PNC | ) |
| BANK, and BANK OF AMERICA, | ) |
| | ) |
| Respondents. | ) |

MEMORANDUM ORDER

Petitioner Thomas V. Sarnowski ("petitioner") seeks to quash summonses issued by the Internal Revenue Service ("IRS") to third parties to obtain financial information concerning petitioner. Pending before the court is a motion filed by the United States (the "government") to dismiss the petition on the ground that this court lacks subject-matter jurisdiction due to petitioner filing his petition beyond the twenty-day statute of limitations deadline under 26 U.S.C. § 7609(b)(2)(A).

*Background*

On May 16, 2005, the IRS issued summonses to PNC Bank seeking financial records concerning petitioner for the years 2001 and 2002 and sent notice of the summonses to petitioner via certified mail. See Government's Motion to Dismiss ("Gov't's Mot."), Attachment 7 (Declaration of [Internal Revenue Agent] Mark J. Fillion) ¶¶ 4-6; see also Exhibit ("Ex.") 1 (summonses); Ex.2 (certified mail receipt to PNC Bank); Ex. 3 (certified mail receipt to petitioner); Attachment 4 (two copies of service of summons, notice and recordkeeper certificates signed by Agent Fillion). On June 7, 2005, petitioner filed a petition

to quash the summonses with this court.  (Doc. No. 1).

## *Discussion*

Section 7609(b) of the Internal Revenue Code, codified at 26 U.S.C. § 7609(b), provides a procedural framework governing enforcement of summonses issued to third-party recordkeepers, including banks, and proceedings to quash summonses.  26 U.S.C. §§ 7603(b)(2); 7609(b) (2006).  Pursuant to section 7609(b), a proceeding to quash a summons must be filed not later than twenty days after notice is given.  Section 7609(b)(2)(A) provides:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

Subsection (a)(1) of section 7609 states that the person identified in the summons' description of the records is entitled to notice. See id. § 7609(a)(1).  Courts have noted that "[i]n most cases, this person is the taxpayer subject to an income tax investigation." See, e.g., Faber v. United States, 921 F.2d 1118, 1119 (10th Cir.1990).  Subsection (a)(2) of section 7609 explains that notice is sufficient if it is personally served upon or mailed by certified mail to the last known address of the taxpayer. 21 U.S.C. § 7609(a)(2); see also Faber, 921 F.2d at 1119.  Courts have determined, construing section 7609 strictly, that the language of section 7609 is plain: "motions to quash must be filed within twenty days from the date notice is given" and "[n]otice is given on the date it is mailed." Faber, 921 F.2d at 1119 (citing Stringer v. United States, 776 F.2d 274, 275-76 (11th Cir.1985) (per curiam)("subsection (a)(2) expressly provides that notice is *sufficient* if *mailed* by certified or registered mail to the last known address of the person entitled to notice. This language negates any inference that

the requisite notice is not 'given' until its receipt by the addressee. Indeed, courts that have addressed this issue unanimously have rejected the argument advanced by Stringer") (emphasis in original); Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985)); see also Berman v. United States, 264 F.3d 16, 19 (1st Cir.2001) ("[T]he statutory provisions, taken together and read carefully, literally say that the 20 days run from the date that notice is "mailed." Even brief research would reveal that the case law requires a motion to quash under section 7609 to be filed within 20 days of the mailing of the notice, not of its receipt.").

A district court for the district within which the summoned third-party recordkeeper resides or is found has jurisdiction to hear and determine any proceeding brought under subsection (b)(2). 26 U.S.C. § 7609(h). A district court, however, does not have jurisdiction under subsection (b)(2) if the procedural prerequisites of section 7609 are not met. See Faber, 921 F.2d at 1119. Moreover, the jurisdictional limitation of section 7609 is a conditional waiver of the government's sovereign immunity. Id. (citing Stringer, 776 F.2d 274 and Ponsford v. United States, 771 F.2d 1305 (9th Cir.1985)). Under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent. Id. Because any exercise of a court's jurisdiction over the government depends upon the government's consent, a statute that waives sovereign immunity must be strictly construed. Id. A district court exercising jurisdiction pursuant to 26 U.S.C. §§ 7609(h), therefore, only has jurisdiction over a petition to quash a third party summons if the petition is filed strictly within the twenty-day filing period mandated by the statute. See id.

Here, the IRS sent notice of the summonses to petitioner on May 16, 2006. Petitioner, therefore, had twenty days to file and serve his petition to quash. As the government correctly notes in its motion, the twentieth day after May 16, 2006 was Sunday, June 5, 2005. Petitioner, therefore, had until Monday, June 6, 2005 to file his petition to

quash. See Fed. R. Civ. P. 6(a). Petitioner, however, did not file his petition until June 7, 2005—one day beyond the statutory limitations period prescribed by the statute. In light of the strict construction of the procedural time frame set forth by the statute, and guided by the several United States Courts of Appeals to consider the issue, this court finds that because petitioner did not timely file his petition to quash within the statutorily prescribed twenty-day period, this court lacks subject-matter jurisdiction over the petition to quash. The court, therefore, shall grant the government's motion to dismiss the petition to quash.

### *Conclusion*

And now this 31st of July 2006, the motion to dismiss the petition to quash in the above-captioned miscellaneous action (Doc. No. 3) is hereby GRANTED. The court orders that the clerk shall mark this case closed.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:     Counsel of Record

        Thomas V. Sarnowski
        184 Country Club Lane
        Scotch Plains, NJ. 07076